UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLAQUEMINES PARISH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5227** |
| **GREAT SOUTHERN OIL & GAS CO., INC., ET AL** | **SECTION "L" (5)** |

## ORDER AND REASONS

The Court has before it Plaintiff's Motion to Lift Stay Pending Appeal in this matter. R. Doc. 67. On motions by Defendant, at R. Doc. 54 and R. Doc. 55, this Court granted the stay pending appeal of this Court's orders that this case be remanded to state court and denied Defendants' motion for reconsideration of that order, R. Doc. 66. Having considered the briefing and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case is one of many seeking to determine the oil and gas industry's responsibility (and consequent restoration obligations) for the rapid loss and deterioration of Louisiana's coastal wetlands. Several Louisiana costal parishes, here Plaquemines Parish, filed this and 41 other lawsuits in state court against 212 oil and gas companies alleging that dredging, drilling, and waste disposal caused coastal land loss and pollution; the Plaintiffs allege a singular statutory cause of action for violation of Louisiana's State and Local Coastal Resources Management Act of 1978 (SLCRMA).

It is the public policy of the State of Louisiana "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La.R.S. § 49:214.22(1). The SLCRMA regulates certain activities that have substantial impacts on coastal waters within the coastal zone and authorizes local governments with approved programs to enforce the Act. Jefferson Parish

1

alleges that the Defendants' oil and gas exploration, production, and transportation activities in the Parish, have contributed to coastal land loss, pollution, and other damage. Plaintiffs seek recovery of damages, costs necessary to restore the coastal zone, actual restoration, and reasonable court costs and attorney's fees.

Defendants removed these cases to federal court under 28 U.S.C. § 1442, the federal officer removal statute. Section 1442 provides, in relevant part, that "[a] civil action ... that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: ... any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a). Defendants argued that they were entitled to remove to federal court because they had been "acting under" a federal officer in performing their complained of activities. Another section of this Court rejected that argument in *Plaquemines Parish v. Riverwood Production Co.* and ordered that that case be remanded back to state court. No. 18-5217, 2022 WL 101401, at *6–10 (E.D. La. Jan. 11, 2022) ("*Plaquimines II*").

Defendants appealed. With the understanding that the Fifth Circuit's decision as to that appeal would also be determinative of federal jurisdiction in the instant case, this Court ordered that this case be stayed pending that decision. After the Fifth Circuit affirmed the district court's remand order in *Plaquemines II*, this Court accordingly reopened the instant case and ordered that it be remanded as well. Defendants then moved for reconsideration, asserting that an alternate basis exists upon which the Court could find federal jurisdiction in this matter. After the Court denied the motion for reconsideration, Defendants filed a notice of appeal to the Fifth Circuit and moved

2

this Court to stay its orders requiring remand pending conclusion of that appeal. The Court granted a stay of its remand order. Plaintiff now moves the Court to lift that stay.

## II. DISCUSSION

In moving the Court to lift the stay, Plaintiff argues that the Court is without jurisdiction to stay its own order remanding this matter to state court. Plaintiff points to 28 U.S.C. §1447(c), which provides that after a remand order, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." It argues that the mailing of this certified order confers jurisdiction on the state court, which thus divests the Federal District court of jurisdiction. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001).

But, as Defendants argue, a "remand order is treated like any other final judgment," such that "a district court retains jurisdiction until the time for filing an appeal has expired or until a valid notice of appeal is filed." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). Consistent with that principle, the Fifth Circuit, among others, has held that where a remand order is reviewable under 28 U.S.C. § 1447—which the parties do not contest is the case here—certification and mailing of the remand order does not deprive the federal court of jurisdiction. *See In re Digicon Marine, Inc.*, 966 F.2d 158, 160–61 (5th Cir. 1992); *see also Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). The Fifth Circuit has long recognized that "an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to *review its own order, and vacate or reinstate that order*." *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (emphasis added). Consistent with this principle, if a district court may review or vacate its remand order, it is also within the Court's power to stay that order. Therefore, the Court

3

is not without jurisdiction to have granted Defendants' motion to stay the remand order pending appeal.[1]

Furthermore, in the interest of judicial efficiency and the best use of the resources of parties on both sides, it simply makes most sense for the Fifth Circuit to rule on the merits of Defendants' jurisdictional appeal before this matter proceeds in state court: a finding by the Fifth Circuit that Defendants are entitled to federal officer jurisdiction, and the resulting reversal of this Court's remand order, would moot any state court proceedings and require that the parties essentially restart litigating the instant issues before the federal district court. Accordingly, the Court will not lift the stay pending appeal of its order remanding this matter.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Lift Stay, R. Doc. 67, is hereby **DENIED**.

New Orleans, Louisiana, this 4th day of May, 2023.

                                   **THE HONORABLE ELDON E. FALLON**
                                   **UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff also argues that the Anti-Injunction Act, 22 U.S.C. § 2283, bars this Court from staying its remand order. That act provides that "[a]court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." But this Court's stay of its own remand order is just that: a stay of its own remand order, not an injunction. The Court's stay simply halts the legal effect of the Court's own remand order; it does not order the state court to stay any proceedings. Accordingly, the Anti-Injunction Act is inapplicable.